

# United States District Court
## for the Middle District of Florida
### Jacksonville Division

Rodney, D – class, Public Servant Since 2000
A 42 USC 1988 Escrow Proxy for The Public
and for The Actual Injured Claimant

Case No. 3:17-cv-1068-J-32JRK

**Trial by Jury Demanded**

        Private Attorney General by Legislation Appointment
        Constitutional 14th Amendment Bounty Hunter

And

Joseph W. Mines, Jr., The Actual Injured Claimant

                Claimant/Consumer/[Plaintiff]

Vs.

U.S. BANK NATIONAL ASSOCIATION, NOT
IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS TRUSTEE OF SW REMIC TRUST 2015-1;
CAMERON H.P. WHITE, AARON BOWDEN,
CHARLES O. MITCHELL, JR., KAREN COLE,
MICHAEL R. WEATHERBY, ALIANETTE AUSTIN,
JOHN TOMASINO, ASHLEY ELMORE DREW,
TIMOTHY R. HAPEMAN,
All Parties in Official and Personal Capacity

           Respondent/Debt Collector/[Defendant]

_____/

## CLAIM

### I.   THE PARTIES TO THIS CLAIM

   A.  The Claimant(s)/[Plaintiff]

      Rodney, D – class, Private Attorney General, By Legislation Appointment,
      14th Amendment Bounty Hunter; A 42 USC 1988 Escrow Proxy for the Public
      **and Acting as Counsel on Behalf of The Actual Injured Claimant**
      P.O. Box 435, High Shoals, North Carolina [28077]
      eMail: itsconstitutional@gmail.com
      [Will accept service at the above mail location in the instant matter]
      Can usually be contacted by telephone at (704) 740-5938.

**Joseph W. Mines, Jr.,** The Actual Injured Claimant
5157 Saddlehorn Drive South, Jacksonville, Florida [32257]
on1sctjw16@juno.com
[Will accept service at the above mail location in the instant matter]
Can usually be contacted by telephone at: (904) 993-3436

B. The Respondent(s)/[Defendant(s)]

1. **U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1**; C/O SOUTH MILHAUSEN, P.A., 1000 Legion Place, Suite 1200, Orlando, Florida 32801.

2. **CAMERON H.P. WHITE,** Third Party Debt Collector/Attorney, SOUTH MILHAUSEN, P.A., 1000 Legion Place, Suite 1200, Orlando, Florida 32801, cwhite@southmilhausen.com, 407-539-1638.

3. **FOURTH CIRCUIT COURT CORPORATION PRIVATE RETIRED JUDGE, AARON BOWDEN, CHARLES O. MITCHELL, JR., MICHAEL R. WEATHERBY,** DUVAL COUNTY COURTHOUSE, Debt Collection/ Foreclosure Department, 501 W. Adams Street, Jacksonville, Florida 32204; Phone: (904) 255-1000.

4. **KAREN COLE – 4TH JUDICIAL CIRCUIT COURT CORPORATION JUDGE,** DUVAL COUNTY COURTHOUSE, 501 W. Adams Street, Debt Collection/ Foreclosure Department, Jacksonville, Florida 32204, (904) 255-1000.

5. **ALIANETTE AUSTIN – DEPUTY CLERK** at DUVAL COUNTY COURTHOUSE, 501 W. Adams Street, Suite 2401, Jacksonville, Florida 32204. (904) 255-2300.

6. **JOHN A. TOMASINO – CLERK AT SUPREME COURT OF FLORIDA,** 500 S. Duval Street, Tallahassee, Florida 32399, (850) 488-0125.

7. **ASHLEY ELMORE DREW,** Third Party Debt Collector/Attorney at BURR & FORMAN, LLP, 201 N. Franklin Street, Suite 3200, Tampa, Florida 33602, aelmoredrew@burr.com, 813-221-2626, 813-221-7335.

8. **TIMOTHY R. HAPEMAN,** VICE PRESIDENT for Third Party Debt Collector SENECA MORTGAGE SERVICING, LLC and ATTORNEY-IN-FACT. SENECA MORTGAGE SERVICING LLC is no longer actively servicing mortgage loans.

## II.    BASIS FOR JURISDICTION

A. Federal Question.

9.  This Court has subject-matter jurisdiction over this action because it is "brought under Federal consumer financial law," 12 U.S.C. § 5565(a)(1), presents a federal question, 28 U.S.C. § 1331.

B. Proposed Question.

10. The FDCPA is the Authority over all Debt Collector's Violations so, Do FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) violations and this Consumer's claim, fall under Federal Jurisdiction?

11. Is a Foreclosure a debt collection, under Federal Jurisdiction, if the debt note is acquired while in default, as ruled in Goodin v. Bank of America, N.A, United States District Court, Middle District, Florida, Jacksonville Division?

C. Diversity of Citizenship.

12. Claimant is an American National, domiciles on the land, near the Florida State Republic.

13. Respondents are all Foreign entities via Washington D.C. and the United Nations. The Trust entities are regulated by the State of New York.

14. The amount in controversy is $551,241.97, based on Final Judgment of Debt Collection/Foreclosure.

## III.    VENUE

15. 15 USC § 1692i (a) Venue.  Any debt collector who brings any legal action on a debt against any consumer shall—(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a JUDICIAL DISTRICT or similar legal entity in which such real property is located.

16. Venue is proper in this DISTRICT as the Respondent's/Defendant's illegal acts and omissions occurred here.

## IV.   STATEMENT OF CLAIM

17. PRIVATE RETIRED JUDGES MICHAEL R. WEATHERBY and AARON BOWDEN denied Claimant/[Plaintiff] due process and redress by ruling against Claimant/[Plaintiff] 100% of the time (see proof under material facts in support of claim) and granted an illegal "rocket docket" final judgment of foreclosure to an entity (lower court Plaintiff) that does not exist, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1. This REMIC does not exist as a legal entity, but managed to come to court and obtain a $551,241.97 judgment. This demonstrates the inadequacy and incompetence of the private courts as well as blatant corruption. These actions took place in Claimant's lower court case no. 16-2016-CA-001540, on August 17, 2017, to aid U.S. BANK NATIONAL ASSOCIATION to collect an unlawful RICO debt judgment of $551,241.97 and to steal the Consumer's private abode.

18. The Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, the Private Court Corporation, in excess of authority and without a Verified Foreclosure Complaint and proper service to the Claimant (alleged lower state court Defendant), entered a Default and gave a foreclosure judgment, to a Respondent (lower state court Plaintiff) that does not exist.

19. Based on fraudulent documents and false evidence, the Private Court Corporation, set an unlawful sale date of the Claimant's/[Plaintiff's] (alleged Defendant in lower state court case) private abode, for October 2, 2017. This sale must be immediately stopped

due to fraud and an immediate injunction needs to be placed on the Private Court, to protect the American people against conspiracy to commit additional fraud and future property theft.

20. U.S. BANK NATIONAL ASSOCIATION knowingly and willfully committed fraud by Defendants, with specific intent to acquire property in violation of 18 USC s. 1001 (a) (1)(2)(3) and in violation of F.S. 817.034 (4) (b) depriving Claimant of money and property, without due process of law, subjecting Claimant to violations of Florida Statute Title XLVI Chapter 777 § 04(2)(3), criminal conspiracy and § 011, and § 03(c), aided and abetted by Circuit Judge Karen Cole, Private Retired Judge Aaron Bowden, Private Retired Judge Charles O. Mitchell, Jr. and Private Retired Judge Michael R. Weatherby; Third Party Debt Collectors/Attorneys Cameron H.P. White, Ashley Elmore Drew and Timothy R. Hapeman, in their personal and private capacity, in the taking of Claimant's property.

21. Timothy R. Hapeman, Affiant and dba Vice President of SENECA MORTGAGE SERVICING, LLC is engaging in debt collection, pretending to be a Master Servicer on wall street, by verifying this foreclosure complaint, through perjury and acting as Attorney-in-fact for Respondent (lower court Plaintiff).

22. The private retired judges of the 4th Circuit Court, have engaged in a conspiracy with the Bank, to take the Claimant's property with forged and fraudulent documents, already found to be illegal by the Florida Supreme Court case against the Law Firm of Marshall C. Watson, who was disbarred, shut down in the State of Florida and fined.

23. Respondents'/[Defendants'] actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Claimant/[Plaintiff] constitutes an "enterprise", with the aim and objective of the RICO enterprise being to perpetrate a fraud upon the Claimant/[Plaintiff] through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent debt documents. Each of the Respondents/[Defendants] is an "enterprise Defendant".

24. The Respondents conspired to commit fraud and RICO racketeering, to obtain ill-gotten gains. The FDIC Loss Share program, paid the bank 95% of the loss from the Claimant's alleged debt of $332,000.00. That means the bank has already received a payment of $315,400.00 from the FDIC, for the Claimant's alleged debt owed. That would leave a balance of only $16,600.00 that the bank can make a claim as a loss. But the bank along with the state private retired judges, conspired to claim a loss of 100% and created a racketeering judgment of $551,241.97, as a loss claim, that is owed and due to the bank, from the Claimant.

25. With the FDIC Loss Share of 95%, the Court failed to consider what the Claimant has paid over the years to the Respondents, which would have been more than the 5% and the Claimant's would be entitled to the reimbursement of the difference back as Remedy.

26. The Statute of Limitations has expired on the bank's mortgage claim. Listed in their Lower State Court Complaint, the last payment on the mortgage was on or before March 1, 2007, that was over ten years ago which far surpasses the Florida five-year Statute of Limitations. The State of Florida Statute of Limitations to bring suit on a

mortgage is five years. See F.S. 95.11 (c) An action to foreclose a mortgage. It is a violation of the FDCPA to bring suit or to even threaten to bring suit, in an action where the Statute of Limitations is time barred. See *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1488 (M.D. Ala. 1987) and *Larsen v. JBC Legal Group*, P.C., 533 F. Supp. 2d 290 (E.D.N.Y. 2008). It is also a violation under the CONSUMER FINANCIAL PROTECTION BUREAU (CFPB) and the FEDERAL TRADE COMMISSION (FTC) that a claim outside of the Statute of Limitations cannot be pursued in any court and the State case must be dismissed with prejudice on that fact alone.

27. Additional crimes that the Respondents have committed is, damaging, breaking and entering into this Consumer's private automobile, while sitting in his private driveway. Trespassing, breaking and entering into this Consumer's private abode and changing the locks three times, while this Consumer was out of town. This Consumer's private abode is currently occupied by this Consumer, tenant, and watched by a property manager who notified the tenant while he was away traveling. They have also, without this Consumer's permission and by the use of fraudulent documents, removed and replaced the entire roof of this Consumer's private abode, with the full faith and confidence that the criminal enterprise, lower state court, with retired judges, with no Oath of Office, that answer to no one in the courthouse, would aid and guarantee their theft of this Consumer's private property.

28. This is a violation of 27 CFR 72,11 Meaning of terms. <u>Appraised</u> *value*. The value placed upon seized property or <u>carriers</u> by the appraiser or appraisers designated for the purpose of determining whether the property or <u>carriers</u> may be forfeited administratively.

## V.    MATERIAL FACTS IN SUPPORT OF CLAIM

29. On January 6, 2016, Cameron H.P. White, Third Party Debt Collector/Attorney, created a fraudulent Verified Foreclosure Complaint.

30. On December 22, 2015, the fraudulent Verified Foreclosure Complaint was verified and notarized on this date, which was prior to the date of its creation of January 6, 2016.

31. On January 6, 2016, a fraudulent Verified Complaint for Foreclosure, was filed in the 4th Judicial Circuit Court in and for Duval County, Florida and assigned Case No 16-2016-CA-001540-XXXX-MA.

32. The Respondent acting as lower state court Plaintiff, that filed the case was U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1.

33. The SW REMIC TRUST 2015-1 and U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1 does not exist and has never existed as a registered REMIC.

34. There is no REMIC entity or trustee that exists under the name of U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1, that is in any way associated with the Claimant/[Plaintiff].

35. The fraudulent Note Allonge, filed in the original case, is endorsed to U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1 without recourse, a REMIC entity that does not exist.

36. The fraudulent Assignment of Mortgage, is to the same U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1, a REMIC entity that does not exist.

37. This endorsement and assignment is to a Trust that never existed, but yet has been fraudulently notarized.  This is a conspiracy to commit fraud.

38. On April 25, 2017, the Claimant/[Plaintiff] as Defendant in the lower state court case filed a motion to dismiss for Lack of Subject Matter Jurisdiction.

39. On April 28, 2017, State Lower Court Private Retired Judge AARON BOWDEN, denied Claimant's (alleged lower state court Defendant's) Motion to Dismiss.

40. On June 14, 2017, Claimant (alleged lower state court Defendant) gave the lower court Notice that on June 7, 2017 a Writ of Mandamus was filed in the Florida Supreme Court, case no. SC17-1087, challenging the jurisdiction of the state lower private court.

41. On June 16, 2017, the state lower private court entered a Judicial Default against Claimant (alleged lower state court Defendant), Joseph W. Mines, Jr. without proper service, hearing, trial or due process.  That was an act outside of their authority.

42. On July 31, 2017, the Claimant (alleged lower state court Defendant) filed an Objection to the Default and informed the state, lower private court that the case was estopped while the Supreme Court of Florida's jurisdictional challenge was being heard.

43. The state lower private court continued to move in this case, regardless of the notices by the Claimant (alleged lower state court Defendant) and the fact that a Writ of Mandamus and Jurisdictional Challenge, was being heard by the Supreme Court of Florida.

44. On July 17, 2017, the Respondent (lower state court Plaintiff) requested a Motion for Summary Judgment.

45. On July 31, 2017, the Claimant (alleged lower state court Defendant) entered an Objection to the Default and the lower state court Plaintiff's request for Summary Judgment.

46. On August 14, 2017, the Claimant (alleged lower state court Defendant) requested a Motion to Dismiss for Want of Party.

47. On August 17, 2017, Private Retired Judge MICHAEL R. WEATHERBY denied the previous motions filed by the Claimant (alleged lower state court Defendant) and also denied the Motion for Summary Judgment filed by the Respondent (lower state court Plaintiff).

48. On August 17, 2017, Private Retired Judge MICHAEL R. WEATHERBY signed a Final Judgment of Foreclosure and scheduled a public sale of the Claimant's private abode for October 2, 2017, contrary to the fact that he had denied the Respondent's (lower state court Plaintiff's) Motion for Summary Judgment.

## VI.   COUNT

49. **Count 1** - The Verified Complaint was created on January 6, 2016, by Cameron H.P. White, Attorney, and notarized on December 22, 2015. The question to a competent court would be, how did a notarized witness, verify a document in the year 2015, that did not exist until the year 2016? Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant seeks in excess of $10,000,000.00.

50. **Count 2** - Claimant realleges all previous counts and claims. U.S. BANK NATIONAL ASSOCIATION committed fraud upon the court, by intentionally leaving out all of the recorded assignments, from the final documents submitted to the court, for final foreclosure judgment. Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant seeks in excess of $10,000,000.00.

51. **Count 3** – Claimant realleges all previous counts and claims. U.S. BANK NATIONAL ASSOCIATION never CONFIRMED its ownership interest, and continued to move for summary judgment, by and through its PRIVATE RETIRED JUDGES MICHAEL R. WEATHERBY, CHARLES O. MITCHELL, JR. and AARON BOWDEN granted a default judgment. Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant seeks in excess of $30,000,000.00. That's $10,000,000.00 for each private retired

Judge's involvement.  This is assault on not only the Claimant, but also on the American

People, U.S. Constitution and the essence of the entire Justice System.

**FDCPA VIOLATIONS Claimant realleges and incorporates by reference all**

**previous Counts and below Counts as though fully set forth in this cause of action.**

52. **Count 4** - Claimant realleges all previous counts and claims.  Consumer states that

there has never been the receipt by Consumer of any written notice containing any

"statement that unless the consumer, within 30 days of the receipt of the notice, disputes

the validity of the debt, or any portion thereof, the debt will be assumed to be valid" as

is required and as such is in violation of the Act within Section 1692g(a)(3)."  Because

of this fraud, the Claimant has suffered Negligent infliction of emotional distress and

Intentional infliction of emotional distress.  The Claimant is entitled to punitive

damages and compensation for the detriment caused.  Claimant seeks in excess of

$2,000.00.

53. **Count 5** – Claimant realleges all previous counts and claims. The Debt Collector

violated the FDCPA by misrepresenting the character, amount or legal status of the

debt by claiming an amount not actually owed and by claiming that the loan was in

default. 15 U.S.C. § 1692e (2)(A). [FDCPA § 807], 15 U.S.C. § 1692f [FDCPA § 808]

(1). Because of this fraud, the Claimant has suffered Negligent infliction of emotional

distress and Intentional infliction of emotional distress.  The Claimant is entitled to

punitive damages and compensation for the detriment caused.  Claimant seeks in excess

of $2,000.00.

54. **Count 6** – Claimant realleges all previous counts and claims. The Debt Collector violated the FDCPA by attempting to foreclose on the property of the Consumer, an act that they are not legally entitled to take. 15 U.S.C. § 1692e (2)(A) (B),(4),(5),(6)(A)(B), (8), (9), (10),(11), (12), (13), (14), (15), [FDCPA § 807]. Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant seeks in excess of $2,000.00.

55. **Count 7** – Claimant realleges all previous counts and claims. The Debt Collector violated the FDCPA by unlawfully attempting to take the home of the Consumer through a foreclosure that was not lawful. Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant seeks in excess of $2,000.00.

56. **Count 8** – Claimant realleges all previous counts and claims. The Debt Collector violated the FDCPA when they falsely stated in the foreclosure complaint, that Debt Collector owned the note and mortgage, and still refuses to verify the debt upon request. Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant seeks in excess of $2,000.00.

57. **Count 9** – Claimant realleges all previous counts and claims. The Debt Collector violated Consumer's rights when using obviously manufactured and fraudulently created documents, to attempt to represent to the court that somehow they have the right

to foreclose on Consumer's property. 15 U.S.C. § 1692j [FDCPA § 812] (a), (b). Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant seeks in excess of $2,000.00.

58. **Count 10** – Claimant realleges all previous counts and claims. The Debt Collector violated Consumer's rights under the FDCPA, by engaging in unlicensed debt collection activity in violation of Florida law. Further, the Debt Collector's unlicensed debt collection activities constitute mortgage fraud and the Debt Collector would be unjustly enriched as a result of their unlawful activity. Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant seeks in excess of $2,000.00.

59. **Count 11** – Claimant realleges all previous counts and claims. The Debt Collector violated the Consumer's rights under the FDCPA, by filing a suit where the Statute of Limitations were time barred. Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant seeks in excess of $2,000.00.

60. **Count 12** – Claimant realleges all previous counts and claims. The Debt Collector violated Consumer's rights under the FDCPA, by removing and damaging private property belonging to the Consumer. Because of this fraud, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional

distress.  The Claimant is entitled to punitive damages and compensation for the detriment caused.  Claimant seeks in excess of $300,000.00.

61. **Count 13** – Claimant realleges all previous counts and claims. The State lower court, with its private retired judges scheme, to adjudicate debt collections, disguised as foreclosures, is a corporate Scam run on the American People. It is extra constitutional and unauthorized by the U.S. Congress. Nowhere in the U.S. Constitution does it give authority to a State Supreme court, to hire non-elected retired judges, with no current oath of office, to sit in judicial judgment in Law or Equity. As a matter of fact, the 11th Amendment prohibits it. This is sedition to the U.S. Constitution and the American People. These courts must be immediately enjoined and quickly shut down for crimes against the American people. This is a National Emergency. On behalf of the claimant and the American People, because of this extra U.S. Constitutional Scam, the Claimant has suffered Negligent infliction of emotional distress and Intentional infliction of emotional distress. The Claimant is entitled to punitive damages and compensation for the detriment caused. Claimant/American People seeks in excess of $150,000,000,000,000.00. That's One Hundred and Fifty, Trillion Dollars. The removal and firing of all non-elected retired Judges and the immediate shut down of those extra U.S. Constitutional courthouse Foreclosure divisions.

## VII.  CONCLUSION

62. The judgment order is void on the grounds that the trial court lacks subject-matter jurisdiction to hear and/or rule on any property matter. See Florida Constitution Art. V, § 5 (b) and Florida Statute Title V § 26.012 (2)(g). "Defense of lack of jurisdiction

over the subject matter may be raised at any time, even on appeal." Hill Top Developers

v. Holiday Pines Service Corp., 478 So. 2d. 368 (Fla.2nd DCA, 1985).

63. Jurisdiction can be challenged at any time and must be proven in the record and "The

law provides that once state and federal jurisdiction has been challenged, it must be

proven." See Main v. Thiboutot, 100 S. CT., 2502 (1980). See Hagans v Lavine, 415

U. S. 533.

64. A challenge of a court's jurisdiction stops all court proceedings, until such time as

jurisdiction is put on the record, in writing, by the Plaintiff.

65. The judgment issued by the court is a void judgment, because the court lacked

jurisdiction to hear or move on the instant matter.

66. The Plaintiff, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL

CAPACITY BUT SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1, does not

exist. There is no SW REMIC TRUST 2015-1 that exists under the REMIC laws of 26

USC 860 D-1.

67. That means there is no Plaintiff in the lower court case, to give the court jurisdiction to

move. The court cannot take *in rem* jurisdiction on a property that has no Plaintiff.

68. A letter and brochure received from U.S. Bank dated February 10, 2017, in response to

a request for assistance from the Consumer Financial Protection Bureau, clearly states

"Trustees play no role in initiating or conducting the foreclosure process, have no role

in granting or denying a loan modification, and have little or no information relating to

mortgage loan activities including foreclosures." "The Servicer on Wall Street has sole-decision making power and control over foreclosing proceedings."

69. Even if there was a real Plaintiff in this case, the court would still lack jurisdiction to move, because there is no properly Verified Foreclosure Complaint before the court. There are only fraudulent documents, created by a fake Plaintiff and quickly accepted by this court, in order to unlawfully steal the Consumer's private abode, for the bank.

70. Florida Rules of Civil Procedure **RULE 1.210 PARTIES**

a) (a) Parties Generally. Every action may be prosecuted in the name of **the real party in interest,**

b) but a personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought.

c) The Counsel for the Respondent has failed to state "Their: interest under Florida Rules 1.210 parties to how they claim they have a interest or they represent the Respondents. "An attorney for the plaintiff cannot admit evidence into the court. He is either an attorney or a witness" [and] "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment," *Trinsey v. Pagliaro* D.C.Pa. 1964, 229 F. Supp. 647.

71. Counsel for the Respondent has failed to disclose if they are Trustee of an Express Trust, a party with whom or in whose name a contract has been made for the benefit of another as required in Florida Rules 1.210.

72. Whereas the Respondent comes under the United States Attorney Manual 210 Choice of Law, as the Respondent clearly falls under Clearfield Trust Doctrine under the term of "negotiable instruments" Federal Banking Regulation now has to apply. 12 USC 411 12 USC CH.52 Emergency Economic Stabilization Act and 18 USC 8.

73. The State higher courts are aiding in this property theft and cannot be trusted. That is a sad but very powerful statement being made about the higher justice system. Currently the Claimant has a Writ of Mandamus, that has been sitting in the Florida Supreme court for over 63 days with NO response. Case Number SC17-1087, Filed on June 7, 2017. John A. Tomasino, Clerk of the Supreme Court of Florida, has been personally involved in aiding and abetting in the fraud and property theft throughout the State of Florida. He has been moving cases and closing cases, to cover up the crimes, after taking people's money and doing nothing with the case. This Claimant has first-hand knowledge of this. John A. Tomasino needs to be investigated by the FBI. The Supreme Court of Florida is currently not responding to the Claimant's challenge to the lower court's jurisdiction, by way of Writ of Mandamus and lower courts actions of proceeding and putting the Claimant's house up for sale on October 2, 2017. They are fully aware of the fraud taking place in the lower courts case and are doing nothing about it. They are waiting on the lower court's sale to take place on the Claimant's house, then they will put out some bogus ruling and close the case. Thus, aiding and abetting in the property theft of the Claimant's house for the Bank. This is RICO

Racketeering that runs throughout all the State of Florida Courts. State Judicial Organized Crime. The American people are watching and are now fully aware.

VIII.   **RELIEF**

74.   WHEREFORE, Claimant sues Defendants for equitable relief and demands redress in the form of Voiding the summary judgment of foreclosure in case no. 16-2016-CA-001540, cancelling the sale scheduled for October 2, 2017, dismissing the case with prejudice, voiding any and all liens on the subject property, compensatory, emotional damages and costs and any and all costs the court deems just and proper.

75.   Claimant further requests an immediate temporary restraining order to stop proposed sale of Claimant's home scheduled for October 2, 2017 until this case is heard (see FRCP Title 8 Rule 65 and see USDC-MDFL Local rule 4.05 and 4.06).

76.   The District Courts granting of this Claim shall prevent substantial irreparable damage to property rights and monetary loss, as well as prevent prejudice of Claimant's rights and others similarly situated by compelling state officers to perform non-discretionary duties.

IX.   **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a

reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*Rodney-Dale, class* _____ Date of Signing  9-11-2017

**Rodney, D – class, Private Attorney General, By Legislation Appointment,**
**14th Amendment Bounty Hunter; A 42 USC 1986 Escrow Proxy for the Public**
**and Acting as Counsel on Behalf of The Actual Injured Claimant**
P.O. Box 435, High Shoals, North Carolina [28077]
eMail: itsconstitutional@gmail.com Phone: (704) 740-5938.

## **VERIFICATION**

Under penalty of perjury, I declare that I have read the foregoing as filed herein, and the facts alleged therein are true and correct as to the best of my knowledge and belief.

*Rodney- Dale, class* _____ Date of Signing  9-11-2017

**Rodney, D – class, Private Attorney General, By Legislation Appointment,**
**14th Amendment Bounty Hunter; A 42 USC 1986 Escrow Proxy for the Public**

STATE OF North Carolina
COUNTY OF Gaston

I certify that before me personally appeared Rodney Dale Class, on the above inscribed date, and presented valid identification or was known by me; and acknowledged to and before me that the above facts are true, correct, complete, and not misleading.

WITNESS my hand and official seal in the State and County aforesaid, this day of

September 11, 2017

Linda M. Brittain _____ (SEAL)
Notary Public   (Name)

State of North Carolina  My Commission Expires: 03-09-2019