**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RODNEY DALE CLASS, Public Servant Since 2000, a 42 USC 1988 Escrow Proxy for the Public and for the Actual Injured Claimant, Private Attorney General by Legislation Appointment and Constitutional 14th Amendment Bounty Hunter and JOSEPH W. MINES, JR. , The Actual Injured Claimant,

    Plaintiffs,

v.                                                                                          Case No. 3:17-cv-1068-J-32JRK

U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as trustee of SW REMIC TRUST 2015-1, CAMERON H.P. WHITE, in their Official and Personal Capacity, AARON BOWDEN, in their Official and Personal Capacity, CHARLES O. MITCHELL, JR. , in their Official and Personal Capacity, KAREN COLE, in their Official and Personal Capacity, MICHAEL R. WEATHERBY, in their Official and Personal Capacity, ALIANETTE AUSTIN, in their Official and Personal Capacity, JOHN TOMASINO, in their Official and Personal Capacity, ASHLEY ELMORE DREW, in their Official and Personal Capacity, and

TIMOTHY R. HAPEMAN, in their
Official and Personal Capacity,

    Defendants.

___

# ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Preliminary Injunction Against State Court Case, While the Federal Court Case is Being Heard (Doc. 3). Dismissal appears appropriate based on Title 28 U.S.C. Section 1654, Rule 11 of the Federal Rules of Civil Procedure, and Local Rules 2.01 and 2.02. Only an attorney of record who is representing a party, or an unrepresented party personally, may sign a pleading. Fed. R. Civ. P. 11(a). See also Wheat v. United States, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."). Middle District of Florida Local Rule 2.01 makes eligible for admission to the bar of the Court individuals who are in good standing of The Florida Bar. Local Rule 2.02 provides several situations where individuals who are not members in good standing of The Florida Bar may appear before the Court. However, each requires that the individual be a licensed attorney.

In the Complaint (Doc. 1), Motion for Preliminary Injunction (Doc. 3), and Notice of Appearance (Doc. 2), Mr. Rodney-Dale Class purports to be a Private

Attorney General. Mr. Class cites to the history section of the United States Attorney's Manual as support for his representation of Plaintiff, Mr. Mines. (Doc. 2 at 2–4). However, Mr. Class is incorrect in his assertions. United States Attorneys can only be appointed by the President, by and with the advice and consent of the Senate, Title 28 U.S.C. Section 541, and Assistant United States Attorneys are appointed by the Attorney General. 28 U.S.C. §§ 542 & 543. Since Mr. Class has not presented any evidence that he has any such appointment and admits to not holding a "Bar card," the Court is inclined to dismiss this action.

Accordingly, it is hereby

**ORDERED**:

1. On or before **September 25, 2017**, Plaintiff shall show cause why this case should not be dismissed without prejudice for the reasons set forth above. Specifically, Plaintiff shall show that he is either represented by counsel authorized to practice before this Court, or proceed pro se. A failure to show cause will result in the case being dismissed without prejudice.

2. Given the time-sensitive nature of the motion, the Clerk is directed to email a copy of this Order to Plaintiff, Mr. Mines, in addition to the customary mailing of filings to pro se claimants.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of September, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

jjb
Copies:

Counsel of record
Plaintiff